UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW ADAMS, GLENN CRESPO, CONNOR DAY, KATIE GAN, and SOLEDAD PICON,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID BAUER, JACOB BRISKEY, LINDSAY BROWN, BRUCE CREAMER, LLOYD HARRIS, STEPHEN KNAPP, STEPHANIE MARKS, NATHAN PATTERSON, ADAM THORP, JOHN and JANE DOES, and THE CITY OF SEATTLE,<br><br>Defendants. | No.<br><br>COMPLAINT FOR DAMAGES |

COME NOW Plaintiffs and hereby allege as follows:

This is an action under 42 U.S.C. § 1983 and state law for damages arising from the July 22, 2011 warrantless entry and use of excessive force to break up a party at 2990 S. Dakota St., Seattle, Washington.  After responding to a noise complaint, Defendant officers entered into the backyard of the house without a warrant over the protests of the tenant and guests. They refused to leave when asked and remained for several minutes, despite no exigency, until withdrawing to the front yard where the tenant had gone to talk to the officers.  When the officers arrested the tenant without probable cause, the guests protested in the side yard behind a closed fence.  The protest prompted at least one officer to re-enter the yard and charge the crowd.  Other officers

COMPLAINT - 1

followed and hit several of the people present, including the Plaintiffs, with batons, flashlights, fists, and a shovel.

To cover themselves, officers arrested several people without legal cause, including Plaintiffs Matthew Adams, Glenn Crespo, and Katie Gan. Officers also submitted false and misleading reports to support unfounded criminal charges, caused Plaintiffs Adams, Crespo, and Gan to be jailed for three days, and recommended that they be prosecuted for assaulting an officer and other crimes.

On July 25, 2011, Plaintiffs Adams, Crespo, and Gan were released from custody. Despite the officers' reports and recommendations, the King County Prosecuting Attorney's Office declined to file any charges based on this incident.

## I.   PARTIES

1.1   **Plaintiffs.**

   1.1.1   Matthew Adams was, at all relevant times, a resident of King County, Washington and the Western District of Washington.

   1.1.2   Glenn Crespo was, at all relevant times, a resident of Pierce County, Washington and the Western District of Washington.

   1.1.3   Connor Day was, at all relevant times, a resident of Thurston County, Washington and the Western District of Washington.

   1.1.4   Katie Gan was, at all relevant times, a resident of Pierce County, Washington and the Western District of Washington.

   1.1.5   Soledad Picon was, at all relevant times, a resident of King County, Washington and the Western District of Washington.

COMPLAINT - 2

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10376.1 gb211401

1.2  **Defendants.**

    1.2.1   Defendant David Bauer is a law enforcement officer who, at times relevant to this Complaint, worked for the Seattle Police Department.

    1.2.2   Defendant Jacob Briskey is a law enforcement officer who, at times relevant to this Complaint, worked for the Seattle Police Department.

    1.2.3   Defendant Lindsay Brown is a law enforcement officer who, at times relevant to this Complaint, worked for the Seattle Police Department.

    1.2.4   Defendant Bruce Creamer is a law enforcement officer who, at times relevant to this Complaint, worked for the Seattle Police Department.

    1.2.5   Defendant Lloyd Harris is a law enforcement officer who, at times relevant to this Complaint, worked for the Seattle Police Department.

    1.2.6   Defendant Stephen Knapp is a law enforcement officer who, at times relevant to this Complaint, worked for the Seattle Police Department.

    1.2.7   Defendant Stephanie Marks is a law enforcement officer who, at times relevant to this Complaint, worked for the Seattle Police Department.

    1.2.8   Defendant Nathan Patterson is a law enforcement officer who, at times relevant to this Complaint, worked for the Seattle Police Department.

    1.2.9   Defendant Adam Thorp is a law enforcement officer who, at times relevant to this Complaint, worked for the Seattle Police Department.

    1.2.10  Defendant City of Seattle is a municipal corporation located in the Western District of Washington. The Seattle Police Department is an agency of the City of Seattle.

COMPLAINT - 3

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10376.1 gb211401

## II.   JURISDICTION AND VENUE

2.1   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

2.2   Venue is appropriate in the Western District of Washington because the events complained of occurred in this District, and at least some of the Defendants reside in this District.  28 U.S.C. § 1391.

## III.   FACTS

3.1   In the evening of July 22, 2011, Defendant officers from the Seattle Police Department (SPD) went to a home at 2990 South Dakota Street in Seattle's Columbia City neighborhood to check on a noise complaint. On arrival, Defendants Stephanie Marks, Bruce Creamer, and Adam Thorp encountered a house party with music coming from the backyard.

3.2   Guests asked why the officers were there and whether they had a warrant.  The officers did not have a warrant and were told the tenant did not want the officers to enter the home.

3.3   The three officers entered the property anyway, through a side gate and into the backyard enclosed by tall hedges. The music was turned off.  A group of guests, including some of the Plaintiffs, told the officers they could not be in the backyard without a warrant and that they should leave.

3.4   The three Defendant officers refused, falsely claiming there was under-aged drinking and marijuana use on the property.  They demanded identification from the guests, including Plaintiff Crespo. The identifications showed no one was younger than 21, and the officers found no marijuana then or later.  The group of guests continued to tell the three officers to leave.

COMPLAINT - 4

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10376.1 gb211401

3.5    Plaintiff Crespo told the officers that Andrew Stoffel, who rented the property and lived there, would speak with the officers in front of the house. The officers then left the backyard and were joined in front by other SPD officers.

3.6    According to the police report, the officers met with Mr. Stoffel and told him to quiet his party down. Mr. Stoffel told the officers the guests would be quiet when the officers left. Plaintiffs and other guests had moved to the edge of the side yard and from behind the gate watched the interactions between Mr. Stoffel and the officers.

3.7    Sgt. Creamer ordered that Mr. Stoffel be arrested for obstruction and SPD officers grabbed him. Mr. Stoffel had been talking to Officer Marks and not resisting.

3.8    When the group of guests behind the gate saw this they yelled out, "Hey! what are you doing?!" Officer David Bauer or another officer said, "Come on motherfuckers, let's do this." Officer Bauer, Officer Nathan Patterson, Officer Jacob Briskey, Officer Lloyd Harris, Officer Stephen Knapp, and other officers charged through the gate into the backyard and began hitting the guests.

3.9    As the officers moved in, the guests backed into the yard. An officer, who Plaintiffs are informed and believe was Defendant Bauer, picked up a shovel and started using it to push people away from the gate and into the yard.

3.10   Plaintiff Connor Day was near the side of the house as the officers came through. Defendant Bauer or other officer struck Mr. Day in the head with the shovel and split open his scalp causing him to crumple to the ground. Two guests were nearby when Mr. Day was struck and injured. An officer kicked the male guest huddled against the house and punched the woman guest in the face.

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

10376.1 gb211401

3.11    Plaintiff Soledad Picon fell to the ground with the push of the officers. As she struggled to get to her feet, she felt a painful blow to her back from a blunt object. From the ground, Ms. Picon looked over her shoulder and saw Defendant Bauer or other officer holding the shovel with the blade pointed up. He hit her again in the back as she tried to get away from him.

3.12    Plaintiff Katie Gan was on the ground, near Ms. Picon. After getting hit herself, Ms. Picon saw the officer hit Ms. Gan in the head with the shovel. Officer Marks, Officer Bauer, Officer Lindsay Brown, and other officers falsely claimed that Ms. Gan had assaulted an officer and arrested her.

3.13    Plaintiff Glenn Crespo was near Ms. Gan and Ms. Picon. He cried out why they were hitting Ms. Gan, his girlfriend. The officers told him to shut up and get down. Mr. Crespo complied and got on the ground. Officers arrested Mr. Crespo and handcuffed him. On information and belief, Sgt. Creamer, Officer Patterson, and/or other officer punched Mr. Crespo while he was still on the ground and after he was handcuffed. As Defendant officers removed Mr. Crespo from the backyard, other Defendant officers struck him in the torso and head with flashlights, batons, knees, or fists. The officers falsely claimed that Mr. Crespo had assaulted an officer.

3.14    Plaintiff Matthew Adams was cornered next to some stairs that led to a back door to the house. On information and belief, Officer Briskey and/or other officer tased Mr. Adams, used a baton or other instrument on him, and stomped on his leg. Officer Briskey then arrested Mr. Adams, based on the false claim that Mr. Adams had assaulted an officer.

3.15    Friends took Mr. Day to Harborview Medical Center for emergency medical attention. The officer's shovel blow split Mr. Day's scalp open. Emergency room physicians

COMPLAINT - 6

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

10376.1 gb211401

diagnosed Mr. Day with "acute headache trauma from a blunt object with resultant moderately large right parietal scalp laceration [and] underlying hematoma." Mr. Day received several stables in his scalp to dress the laceration.

3.16   Mr. Adams, Mr. Crespo, Ms. Gan, and others arrested were taken to the SPD South Precinct for booking.  As they arrived, a supervising officer told another officer to make sure Ms. Gan was charged with assault.  When Mr. Crespo arrived, officers intimidated him and said that he could look forward to being raped at the King County Jail.

3.17   Ms. Gan, dazed from the shovel blow, asked to go to Harborview Medical Center where, according to hospital records, she had "pain back of head" because "she was hit w/blunt instrument." She was diagnosed with "occipital hematoma."

3.18   Mr. Crespo also went to Harborview Medical Center in police custody that night, for treatment of injuries he received in the police beating.  Harborview medical staff diagnosed him with "abrasions over sternum and left flank with small areas of bruising."

3.19   Defendant officers filed knowingly and/or recklessly false and misleading reports to support unfounded charges of assault on a police officer and riot.  The officers' fabrications and/or mischaracterizations in these reports were designed to cover the officers' unlawful actions.

3.20   Mr. Adams, Mr. Crespo, and Ms. Gan were detained at King County Jail and released three days later, on Monday, July 25, 2011.  Sgt. Creamer, Sgt. Waltz [first name unknown], and Lt. Towne [first name unknown] reviewed the officer reports and, on information and belief, approved a "rush filing" to recommend to the King County Prosecuting Attorney's Office that assault and riot charges be filed.   On July 27, 2011, the deputy King County

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10376.1 gb211401

prosecutor declined the rush filing and all arrestees from the incident remained released on personal recognizance.

3.21   Plaintiff Matthew Adams went to the hospital several days later after his leg pain worsened.  He was x-rayed and, according to hospital records, was diagnosed with "a distal third fibular shaft transverse fracture of his fibula [in] . . . essentially what could be conceptualized as a nightstick injury to that area due to beating with batons by police officers."

3.22   The Seattle City Attorney's office filed "obstruction" charges against Mr. Stoffel. In August 2012, on the eve of trial, the City prosecutor dismissed the charge citing "evidence problems."

3.23   In the months following the July 22, 2011 incident, Plaintiffs provided information to the deputy King County Prosecutor who was investigating the assault charges recommended by SPD.  The King County Prosecuting Attorney's Office declined to file any charges arising out of this incident.

3.24   The actions of the Defendants described above were taken pursuant to the policies, customs and usages of the Seattle Police Department and under color of the laws of the State of Washington.  As determined by the U.S. Department of Justice on December 16, 2011, SPD officers had during this time period a pattern and practice of Fourth Amendment abuses including, among other things, (1) using excessive force when dealing with minor offenses, (2) allowing multiple officers to use force on single individuals, (3) resorting too quickly to impact weapons (such as batons and flashlights), (4) using force against persons who have already surrendered, (5) using force against persons who "talk back," and (6) failing to take action at the first line supervisory level to stop subordinate officers' use of excessive force.

COMPLAINT - 8

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604   Fax 206.343.3961

10376.1 gb211401

3.25 At all relevant times, Defendants and other officers involved in the July 22, 2011 incident and aftermath were acting as agents of the Seattle Police Department and within the scope of their employment by it.

3.26 As a result of the Defendants' acts and omissions, Plaintiffs were physically injured and emotionally traumatized. Also as a result of the Defendants' acts and omissions, Plaintiffs Adams, Crespo, and Gan were arrested without probable cause and jailed for three days.

## IV.   CLAIMS

### FIRST CAUSE OF ACTION
### (Federal Civil Rights Violation Under 42 U.S.C. § 1983)

4.1 By virtue of the facts set forth above, Defendants are liable for compensatory and punitive damages for deprivation of Plaintiffs' civil rights guaranteed by the First and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983, including the right to be free from retaliation when criticizing an officer about the performance of his or her duties.

4.2 By virtue of the facts set forth above, Defendants are liable for compensatory and punitive damages for deprivation of Plaintiffs' civil rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983, including the warrantless entry onto the property; the use of excessive force; and, with respect to Plaintiffs Adams, Crespo, and Gan, their arrest and detention without legal cause. Each Defendant is liable for more specific reasons as follows:

4.2.1 Defendants Bauer is liable, at minimum, for the warrantless entry; for using excessive force including unreasonably striking Plaintiffs Day, Gan, and Picon with a shovel; and making false reports to support the arrest and malicious prosecution of Plaintiffs Crespo and Gan.

COMPLAINT - 9

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

10376.1 gb211401

4.2.2   Officer Briskey is liable, at minimum, for the warrantless entry; for using excessive force including unreasonably tasing Plaintiff Adams, using a baton or other instrument on him, and/or stomping on his leg; and for arresting Plaintiff Adams based on the false claim that Plaintiff Adams had assaulted an officer to support an arrest and malicious prosecution.

4.2.3   Defendant Brown is liable, at minimum, for the warrantless entry; and for using excessive force against Plaintiffs Crespo, Gan, and/or Picon alone or in conjunction with other officers; and for falsely reporting that Plaintiff Gan had assaulted an officer and arresting her without cause.

4.2.4   Sgt. Creamer is liable, at minimum, for the warrantless entry; for using excessive force against Plaintiff Crespo, Gan, and/or Picon; for falsely reporting Plaintiff Crespo had assaulted an officer to support a false arrest and malicious prosecution; and for approving a rush filing to charge Plaintiffs Adams, Crespo, and Gan without legal cause.

4.2.5   Officer Harris is liable, at minimum, for the warrantless entry; and for using excessive force against Plaintiffs Crespo, Gan, and/or Picon alone or in conjunction with other officers.

4.2.6   Officer Knapp is liable, at minimum, for the warrantless entry; and for using excessive force against Plaintiffs Crespo, and/or Picon alone or in conjunction with other officers.

4.2.7   Officer Marks is liable, at minimum, for the warrantless entry; for using excessive force against Plaintiffs Crespo, and/or Picon alone or in conjunction with other officers; and for falsely claiming that Plaintiff Gan had assaulted an officer to support a false arrest and malicious prosecution.

COMPLAINT - 10

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10376.1 gb211401

4.2.8   Officer Patterson is liable, at minimum, for the warrantless entry; for using excessive force including unreasonably punching Plaintiff Crespo and/or using a flashlight or baton on him; and for falsely reporting Plaintiffs Crespo and Gan had assaulted an officer to support their false arrest and malicious prosecution.

4.2.9   Officer Thorp is liable, at minimum, for the warrantless entry; and for using excessive force against Plaintiffs Crespo, Gan, and/or Picon alone or in conjunction with other officers.

4.2.10   To the extent it is not possible now to state specifically which of the Defendant officers used excessive force, or in which manner, Defendant officers are nevertheless liable for failure to intervene vis-à-vis the excessive force employed by any fellow unidentified officer. *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir.1994), *rev'd on other grounds*, 518 U.S. 81 (1996); *accord Sanchez v. City of Chicago*, 700 F.3d 919, 926-27 (7th Cir.2012).

4.3   By virtue of the facts set forth above, Defendant City of Seattle is liable for compensatory damages for causing the aforementioned violations of Plaintiffs' rights under the First, Fourth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
### (State Law)

4.4   By virtue of the facts described above, Defendants are liable to Plaintiffs for the torts of assault, battery, malicious prosecution, and false arrest and imprisonment.

## V.  RELIEF REQUESTED

WHEREFORE, the Plaintiffs request relief as follows:

5.1   Compensatory damages;

5.2   Punitive damages from the individual defendants on Plaintiffs' § 1983 claims.

COMPLAINT - 11

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

10376.1 gb211401

1  5.3 Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and to the extent otherwise permitted by law;

5.4 Such other relief as may be just and equitable.

DATED this 21st day of February, 2012.

>MacDONALD HOAGUE & BAYLESS
>
>By s/*David J. Whedbee*
>  David J. Whedbee, WSBN 35977
>  DavidW@mhb.com
>
>By s/*Timothy K. Ford*
>  Timothy K. Ford, WSBN 5986
>  TimF@mhb.com
>Attorneys for Plaintiffs

COMPLAINT - 12